IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES B. JETT<br>1550 Chain Fern Way<br>Fleming Island, Florida 32003<br><br>      Plaintiff,<br><br>   v.<br><br>FEDERAL BUREAU OF INVESTIGATION<br>935 Pennsylvania Ave., NW<br>Washington, DC 20535<br><br>      Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action # 14-276<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**I.  INTRODUCTION**

1.  Plaintiff James B. Jett ("Plaintiff") hereby brings this action seeking declaratory and injunctive relief to redress violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et. seq.*, by Defendant Federal Bureau of Investigation ("FBI"), in failing to provide Plaintiff with all non-exempt records responsive to his FOIA request dated December 26, 2012 sent to the FBI, seeking records pertaining to the FBI's investigation of alleged bribery activities that were associated with a 2012 federal congressional campaign in Northeast Florida.

## II. JURISDICTION

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

## III. VENUE

3. Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## IV. PARTIES

4. Plaintiff James B. Jett, is an individual who, at all times relevant herein, has resided in Fleming Island, Florida, which is located in Clay County, Florida

5. Defendant Federal Bureau of Investigation ("FBI") is a federal agency of the United States, and as such, is subject to FOIA pursuant to 5 U.S.C. § 552(f).

## V. LEGAL FRAMEWORK OF FOIA

6. FOIA requires, *inter alia*, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conform with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7. FOIA requires federal agencies to make a final determination on all FOIA requests that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such request, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for

responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(I).

8. FOIA also requires federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

9. FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii). *See* 5 U.S.C. § 552(a)(6)C).

10. FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant, and also provides jurisdiction for the federal court to review whether an agency has properly denied a request for a fee waiver. *See* 5 U.S.C. § 552(a)(4)(B).

11. Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B).

12. Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action. 5 U.S.C. § 552(a)(4)(E).

## VI.  FACTUAL ALLEGATIONS FOR PLAINTIFF'S FOIA REQUEST CLAIM

13.  On or about December 26, 2012, Plaintiff sent a FOIA request to the FBI's Record / Information Dissemination Section, in Winchester, Virginia, seeking records pertaining to the FBI's investigation of alleged bribery activities associated with a 2012 federal congressional campaign in Northeast Florida.

14.  On or about December 26, 2012, the FBI's Record / Information Dissemination Section FOIA Office sent an email to Plaintiff confirming that his December 26, 2012 FOIA requests had been received by the agency.

15.  On or about November 5, 2013, David Hardy, Section Chief of the FBI's Record / Information Dissemination Section, issued a written decision on Plaintiff's December 26, 2012 FOIA request, indicating that 66 pages of responsive records had been located in response to this FOIA request, but that the agency was only releasing 35 pages of these records, with redactions of portions of these released records, based upon a claim of FOIA exemptions (b)(6), (b)(7)(C) and (b)(7)(E).  *See* 5 U.S.C. § 552(b).

16.  On or about December 13, 2013, Plaintiff, by and through his attorney, Daniel J. Stotter of Stotter & Associates LLC, filed an administrative appeal of the FBI's November 5, 2013 decision regarding Plaintiff's December 26, 2012 FOIA request, which was submitted to the Director of the Department of Justices's Office of Information Policy in Washington, D.C.

17. To date, the DOJ has failed to issue a final decision as to Plaintiff's December 13, 2013, FOIA administrative appeal in this matter.

18. Plaintiff has fully exhausted his administrative remedies, as required by FOIA, prior to seeking judicial review in this matter.

## VII. CLAIM FOR RELIEF

### Violation of FOIA

19. Plaintiff realleges, as if fully set forth herein, paragraphs 1 - 18 previously set forth herein.

20. Defendant FBI has violated FOIA by failing to provide Plaintiff with all non-exempt responsive records for his December 26, 2012 FOIA request, and by failing to failing to perform an adequate search for records responsive to this FOIA request in a manner reasonably calculated to locate all responsive records.

21. By failing to provide Plaintiff with all non-exempt responsive records to his FOIA request of December 26, 2012, and failing to perform an adequate search for responsive records, Defendant has denied Plaintiff's right to this information as provided by law under the Freedom of Information Act

22. Unless enjoined by this Court, Defendant FBI will continue to violate Plaintiff's legal rights to be provided with copies of the records that he has requested in his FOIA request of December 26, 2012.

23. Plaintiff is directly and adversely affected and aggrieved by Defendant's failure to provide all responsive records to his December 26, 2012 FOIA request to the FBI described above.

24. Plaintiff has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

25. Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E)..

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for Plaintiff providing the following relief:

1. Declare Defendant FBI has violated FOIA by failing to provide Plaintiff with all non-exempt records responsive to his December 26, 2012 FOIA request, and failing to perform an adequate search for responsive records to this FOIA request.

2. Direct by injunction that Defendant FBI provide Plaintiff with all non-exempt responsive records to Plaintiff's December 26, 2012 FOIA request.

3. Grant Plaintiff's costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

4. Provide such other relief as the Court deems just and proper.

DATED: This 21st day of February, 2014.

Respectfully submitted,

  /S/
_____
Daniel J. Stotter (WI0015)
STOTTER & ASSOCIATES LLC
408 SW Monroe Ave., Ste. M210E
Corvallis, Oregon 97333
(541) 738-2601
dstotter@qwestoffice.net
**Attorney for Plaintiff**